UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMOND BALL | Case No. 3:23-CR-63-CCB-MGG<br>3:25-cv-00622-CCB |

**OPINION AND ORDER**

Before the Court is Jeremond Ball's Motion to Vacate under 28 U.S.C. § 2255 (ECF 81). Mr. Ball asks the Court to vacate his conviction for possession of methamphetamine with the intent to distribute, and seeks release, a new trial, or an evidentiary hearing to adjudicate his claim on its merits. Mr. Ball argues that he was deprived of the effective assistance of his trial counsel in violation of his Sixth Amendment rights. In support, he alleges that his trial counsel failed to do seven things: (1) request discovery, (2) preserve Mr. Ball's Fourth Amendment suppression claim, (3) litigate a *Franks* hearing, (4) warn Mr. Ball before he pled that Mr. Ball could not later withdraw his plea, (5) file an appeal when Mr. Ball asked him to, (6) furnish Mr. Ball with the necessary information for Mr. Ball to decide whether or not to plead guilty, and (7) challenge the validity of the indictment. The Court finds that all but one of these arguments lack merit. Mr. Ball's motion is **DENIED** as to all claims except for his failure-to-appeal claim. The Government is **ORDERED** to file a response brief as to Mr. Ball's claim that he was denied effective assistance of counsel when his counsel refused to file an appeal as requested.

I.    **RELEVANT BACKGROUND**

On July 31, 2023, officers of the Drug Enforcement Administration and the Mishawaka Police were surveilling a residence on East Grove Avenue in Mishawaka, Indiana. (ECF 50 at 3). Around 2:25 p.m., Mr. Ball arrived in a silver Durango and drove into the alley behind the home. (*Id.*) When he left about ten minutes later, the officers followed him. (*Id.* at 4). They later observed him speeding and pulled him over. (*Id.*)

While conducting a free air sniff around the vehicle with his drug detection dog, an officer observed Mr. Ball reaching around within the passenger compartment. (*Id.*) The officer directed Mr. Ball to show his hands and exit the vehicle. (*Id.*) In response, Mr. Ball put the vehicle into gear and fled. (*Id.*) Officers pursued Mr. Ball, eventually overtaking him and forcing him to pull over. (*Id.*) Later, officers found a shopping bag in a driveway along the pursuit route containing methamphetamine. (*Id.*) Surveillance video from the house connected to the driveway showed Mr. Ball throwing the bag from his vehicle as he passed. (*Id.*) Mr. Ball was charged with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). (ECF 15).

On October 23, 2023, Mr. Ball pleaded guilty to this charge. (ECF 30). As part of his plea, he stated that his lawyer did "all that anyone could do to counsel and assist" him. (*Id.* ¶11). He also "expressly waive[d]" his right to appeal or contest his conviction "on any ground other than a claim of ineffective assistance of counsel." (*Id.* ¶9). And he agreed to "abandon any constitutional challenges to law enforcement's search and seizure in this case" as part of his plea agreement. (*Id.*) On August 14, 2024, Mr. Ball was

2

sentenced to 140 months in prison followed by three years of supervised release. (ECF 74). He filed this Motion to Vacate on July 18, 2025. (ECF 81).

## II.   ANALYSIS

28 U.S.C. § 2255 permits a prisoner to seek release from the court in which he was convicted on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The statute requires that this Court grant a prompt hearing on Mr. Ball's motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United States*, 13 F. 4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014)).

The Sixth Amendment guarantees every criminal defendant the right to "effective" assistance of counsel in their defense. *Buck v. Davis*, 580 U.S. 100, 118 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). But "effective" assistance encompasses a "wide range" of performance. *Anderson v. United States*, 94 F.4th 564, 581 (7th Cir. 2024). A party's lawyer was only ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To successfully show ineffective assistance of counsel, a party must show two things: first, that "counsel's representation fell below an objective standard of reasonableness," and

3

second, "that the deficiencies in counsel's performance were prejudicial to the defense." *Id.* at 687, 692. These two prongs of *Strickland* are often called the "performance" and "prejudice" prongs. *See, e.g.*, *United States v. Brooks*, 2024 WL 4625507, at *4 (N.D. Ind. Oct. 30, 2024). Failure to satisfy either prong is fatal to the party's claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

*Strickland* demands a substantial showing before legal assistance is found to be ineffective. Courts will "strongly presume[]" that counsel's assistance was reasonable. *Jordan v. Hepp*, 831 F.3d 837, 846 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 690). To successfully show otherwise, a party must overcome the presumption that the challenged conduct "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. And even if a party successfully satisfies the performance prong, the party still must show prejudice. Counsel's departure from professional norms must have been so significant that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lee v. Galloway*, 106 F.4th 668, 673 (7th Cir. 2024).

Mr. Ball is proceeding pro se. Thus, the Court will construe his motion "liberally." *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Mr. Ball first argues that his trial counsel's failure to request discovery was categorically unreasonable. He asserts that a lawyer representing a criminal defendant is "required to investigate . . . constitutional challenges to the prosecution before considering a plea bargain." (ECF 81-1 at 2). In support, he seems to rely on *Kimmelman v. Morris* for the proposition that a defendant is deprived of his right to counsel when an attorney fails to conduct pretrial discovery. 477 U.S. 365 (1986). But

4

*Kimmelman* does not say this. At issue in *Kimmelman* was whether a lawyer's performance was deficient when he failed to request discovery because he mistakenly believed that the state had the responsibility to turn over all inculpatory evidence without a discovery request. *See id.* at 385. Mr. Ball has not suggested that his counsel acted under this or any similar misapprehensions of the law. Nor does the trial record suggest that Mr. Ball's counsel was not acting strategically. Thus, the Court "presume[s]" that Mr. Ball's counsel acted reasonably. *Jordan v. Hepp*, 831 F.3d 837, 846 (7th Cir. 2016). Even if Mr. Ball's counsel performed deficiently, though, Mr. Ball has failed to argue that this performance prejudiced him. This argument fails.

Second, Mr. Ball argues that his counsel was ineffective because counsel failed to preserve the Fourth Amendment suppression claim in a conditional plea agreement. (ECF 81-1 at 3). In support, he cites *Stone v. Powell* for the proposition that a Fourth Amendment claim is not precluded in habeas when the state failed to provide an opportunity for full and fair litigation of the claim. 428 U.S. 465 (1976). He does not, however, make any claims that his counsel's failure to preserve his Fourth Amendment claim constituted ineffective assistance. In fact, his entire argument on this front is limited to one sentence stating this legal proposition. This argument fails. *See Kimmelman*, 477 U.S. at 380–81 (noting that a perfunctory allegation of ineffective assistance of counsel will not open the door to a Fourth Amendment claim in habeas).

Third, Mr. Ball argues that his counsel was ineffective because counsel did not "litigate[] a *Franks* hearing" to challenge lies in the police records. (ECF 81-1 at 4). In support, he contends that the probable cause affidavit in his case lacked indicia of

5

probable cause and that his traffic stop was pretextual and should be suppressed as "fruit of the poisonous tree." (*Id.*) But Mr. Ball's counsel did move to suppress this evidence. (ECF 22). It is true that counsel did not elect to seek a *Franks* hearing in that motion, but given the vigorous brief that counsel filed in support of suppression, it seems clear that this was a strategic decision within the range of reasonable professional behavior. Mr. Ball later withdrew the motion prior to his plea agreement. At Mr. Ball's November 8, 2024, change-of-plea hearing, Mr. Ball's counsel noted that the motion was withdrawn as part of the plea agreement negotiation. This, too, strikes the Court as a reasonable strategic decision under the circumstances. Mr. Ball has not shown that counsel was ineffective in litigating this issue, so this argument fails.

Fourth, Mr. Ball argues that his counsel was ineffective because he did not warn Mr. Ball that the plea agreement would waive Mr. Ball's right to withdraw the plea later. (ECF 81-1 at 4). But Mr. Ball was made aware of this waiver during his November 8, 2024, change-of-plea hearing. During that hearing, a Magistrate Judge of the Northern District of Indiana asked Mr. Ball whether he realized that if he pleaded guilty, he was waiving the right to later change his plea. Mr. Ball stated that he was aware of this. The Magistrate Judge also warned Mr. Ball that the District Judge who sentenced him could impose a sentence above, below, or within the sentencing guidelines, and that Mr. Ball would not have the right to withdraw his guilty plea if the District Judge imposed a sentence he did not expect. The Magistrate Judge asked Mr. Ball if he still wished to plead guilty. Mr. Ball said yes. Later in the hearing, the Magistrate Judge warned Mr. Ball for a third time that the District Judge was not bound by any aspects of his plea

6

deal, and that if Mr. Ball pleaded guilty, he would not be able to withdraw that plea later. Mr. Ball stated that he understood this. Finally, the Magistrate Judge asked Mr. Ball whether his attorney or the Government had made any promises or assurances about the sentence he would receive. Mr. Ball said no. Mr. Ball then pleaded guilty. Given what occurred at this hearing, Mr. Ball cannot credibly claim that he did not know he was waiving his right to withdraw his guilty plea when he pleaded guilty. Even if Mr. Ball's counsel failed to warn him of this fact, it was made clear to Mr. Ball in open court before Mr. Ball pleaded guilty, and therefore Mr. Ball could not have been prejudiced by his counsel's performance on this front. This argument fails.

Mr. Ball also raises a distinct argument that his counsel was ineffective because the plea agreement contained a waiver of Mr. Ball's rights under the Freedom of Information Act ("FOIA"). (ECF 81-1 at 6). He argues that the FOIA waiver was unenforceable as against public policy and that the waiver was never mentioned to him until after he pleaded guilty. But Mr. Ball stated at his change-of-plea hearing that he understood all elements of his plea agreement. Furthermore, Mr. Ball makes no argument that the FOIA waiver prejudiced him. This argument also fails.

Fifth, Mr. Ball argues that his counsel was ineffective because counsel refused to file an appeal at Mr. Ball's request. In support, he cites *Garza v. Idaho* for the proposition that if a defendant requests his counsel appeal, and his counsel refuses, counsel is presumed ineffective even if the defendant signed an appeal waiver. 586 U.S. 232, 242–44 (2019). Mr. Ball alleges that he "unequivocally" asked his counsel to file an appeal, and his counsel's response was "we're not filing an appeal." (ECF 81-1 at 7). Though

7

Mr. Ball waived many of his postconviction rights, he did not waive them all. (*See* ECF 30 at 4–5). Because "deficient" performance by counsel in this context "causes the loss of an entire proceeding," the Court "will not bend the presumption-of-prejudice rule" simply because Mr. Ball signed an appeal waiver. *Garza*, 586 U.S. at 243. The Government is **ORDERED** to respond to Mr. Ball's argument on this claim.

Sixth, Mr. Ball purports to argue that his counsel was ineffective because counsel did not adequately challenge the career offender enhancement before Mr. Ball's sentencing. (ECF 81-1 at 9). The bulk of his argument, however, is focused elsewhere. While Mr. Ball perfunctorily cites several unrelated cases, his true contention in this section seems to be that his counsel "induced" Mr. Ball to "plead thinking [he] would get 10 years supervised release," and that Mr. Ball was not "made aware by counsel that if the plea was not excepted [*sic*] he could not withdraw." (ECF 81-1 at 9). But, as discussed above, Mr. Ball was asked at his November 8, 2024, change-of-plea hearing whether counsel had made any promises or assurances about what sentence Mr. Ball would receive. At the time, Mr. Ball answered in the negative. He was also asked whether he realized that he would not be able to withdraw his plea if the Government's sentence recommendation was not accepted. He said yes. Given his statements at his change-of-plea hearing, the allegations Mr. Ball makes here are not credible. This argument fails.

Finally, Mr. Ball argues that his counsel was ineffective because counsel failed to challenge the validity of the indictment. (ECF 81-1 at 10). In support, he cites *United States v. Russell* for the proposition that an indictment that merely recites the statutory

8

elements is invalid. 369 U.S. 749 (1962). But *Russell* does not say this. It seems that Mr. Ball has focused on one line from *Russell*: "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." 369 U.S. at 764. But the issue before the *Russell* Court involved charges against people who failed to answer questions in a congressional hearing. *Id.* at 751–55. The "specific identification of fact" on which guilt depended "so crucially" was the subject under inquiry at the time those charged refused to answer. *Id.* Without this fact, the accused could not understand "the nature of the charges against them." *Id.* at 766.

In Mr. Ball's case, the indictment identified the offense, possession with intent to distribute methamphetamine. (ECF 15). It also identified the statute that this offense violated. (*Id.*) Contrary to Mr. Ball's argument in his brief, the indictment did not need to discuss "how Mr. Ball possessed or distributed" methamphetamine, nor "the amount of drugs" at issue, because, unlike the charges in *Russell*, those facts were not crucial to the question of guilt. (ECF 81-1 at 12). In a case like Mr. Ball's, an indictment in the words of the statute itself was sufficient to explain the nature of the charge. *See United States v. Webster*, 125 F.3d 1024, 1029–30 (7th Cir. 1997). Thus, Mr. Ball's counsel did not perform deficiently by failing to challenge the validity of the indictment on these grounds because such a challenge would have been frivolous. This argument fails.

### III.   CONCLUSION

For these reasons, all of Mr. Ball's claims are **DENIED** except for his ineffective assistance of counsel claim on the grounds of failure to appeal. The Government is

**ORDERED** to respond to this claim by December 5, 2025.

SO ORDERED on November 18, 2025.

                                                /s/*Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT